IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRES CHILDS,

        Plaintiff,                                          No. CIV S-09-1162 GGH P

    vs.

CORRECTIONAL HEALTH SERVICES, et al.,

        Defendants.                          <u>        ORDER</u>

_____/

        Plaintiff is a county jail inmate proceeding pro se.[1] He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $ 2.42 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to

---

[1] According to the case docket (docket # 4), this action was transferred to this court from the Northern District on April 28, 2009, by an <u>Order</u>, filed on April 27, 2009 (docket # 3).

1

collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff, housed at Rio Cosumnes Correctional Center (RCCC), named "Nurse Chris" and "Correctional Health Services" as defendants in this defective complaint. Complaint, p. 2. Plaintiff alleges that on December 6th (presumably of the year 2008) at the "p.m. pill call," "the nurse," (presumably defendant "Nurse Chris") in "dirlection" [sic] of duty asked plaintiff why he was moved from the 400 to the 500 pod, at which point the nurse asked plaintiff "if there were more 'dicks' over here." Id., at 3. For this alleged affront, plaintiff seeks money damages in the amount of $270,000.00 and to be discharged from parole. Id.

In the first place, plaintiff falls far short of framing a claim that rises to the level of a constitutional deprivation. Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury, which did not even remotely occur here, are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

In the second place, plaintiff fails to adequately identify the individual defendant such that, even had he set forth a colorable claim, the court could have directed service of the complaint.

In the third place, to the extent plaintiff seeks to implicate a county agency, in a supervisory capacity for individual wrongdoing by one of its employees, plaintiff may not seek to implicate the county or any municipality, pursuant to 42 U.S.C. § 1983, under a respondeat superior theory, that is, a municipality will not be held liable for constitutional torts of its employees under § 1983. Monell v. Department of Social Servs., 436 U.S. 658, 663 n. 7, 691, 98 S. Ct. 2018, 2022 n. 7, 2036 (1978). In order to proceed against Sacramento County's Correctional Health Services, plaintiff must allege that the county engages in an unconstitutional practice, policy or custom.

\\\\\

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

Monell, supra, at 694, 98 S. Ct. at 2037-2038.

Thus, "[a] local government entity is liable under § 1983 when 'action pursuant to official municipal policy of some nature cause[s] a constitutional tort.'" Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001) [internal citations omitted]. Liability of a local government entity may also be predicated on a "'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" Id. Such an alleged policy or custom of inaction, "however, must be the result of a 'conscious'....or 'deliberate choice to follow a course of action ...'" by official policymakers. Id. Also, liability may attach to a local governmental entity for a "failure to train its employees," where such a failure "'amounts to deliberate indifference to the rights of persons' with whom those employees are likely to come into contact." Id. Such an "'identified deficiency in a [local governmental entity's] training program must be *closely related* to the ultimate injury.'" Lee, supra, at 681, quoting City of Canton v. Harris, 489 U.S. 378, 391, 109 S. Ct. 1197, (1989) [emphasis added in Lee, supra]. Plaintiff has failed to frame a cognizable claim against either the insufficiently identified individual defendant or the county entity. This meritless complaint will be dismissed but plaintiff will be granted leave to amend within thirty days. Plaintiff is cautioned, however, that should he file an amended complaint that is similarly frivolous, the court will recommend dismissal of this action for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b).

Finally, however, to the extent that plaintiff seeks to be discharged from parole, plaintiff is informed that should he be able to frame any adequate basis for such a remedy, he may only pursue such relief by way of a petition for writ of habeas corpus.

\\\\\

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

\\\\\

1      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
2  Plaintiff is assessed an initial partial filing fee of $ 2.42. All fees shall be collected and paid in
3  accordance with this court's order to the Sheriff of Sacramento County filed concurrently
4  herewith.
5      3. The complaint is dismissed for the reasons discussed above, with leave to file
6  an amended complaint within thirty days from the date of service of this order. Failure to file an
7  amended complaint will result in a recommendation that the action be dismissed.
8      4. Should plaintiff file an amended complaint that is similarly frivolous, this court
9  will recommend dismissal of this action for failure to state a claim, pursuant to 28 U.S.C. §
10 1915(e)(2)(b).
11 DATED: May 13, 2009

    /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
chil1162.b